IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CHAUNCY MIDDLETON,              §
TDCJ-CID NO.1300389,           §
         Petitioner,           §
v.                              §        CIVIL ACTION H-05-2826
                              §
DOUGLAS DRETKE,            §
         Respondent.         §

OPINION ON DISMISSAL

Petitioner Chauncy Middleton, a state inmate, filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging the judgment of a 2003 aggravated theft conviction in the 248th District Court of Harris County, Texas, for which he received a fifteen month sentence. (Docket Entry No.1). Petitioner also filed an application to proceed *in forma pauperis*. (Docket Entry No.2). For the reasons to follow, the Court will dismiss petitioner's federal habeas petition and grant his application to proceed *in forma pauperis*.

Discussion

"Federal district courts do not have jurisdiction to entertain [28 United States Code] section 2254 actions if, at the time the petition is filed, the petitioner is not 'in custody' under the conviction or sentence which the petition attacks." *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989) (citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). A habeas petitioner is not "in custody" under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed. *Id.* at 491.

Petitioner indicates that he is not incarcerated on the basis of the 2003 conviction that he expressly challenges in the pending petition. Petitioner indicates that the Texas Court of Criminal Appeals dismissed his state habeas application challenging this conviction on December 9, 2004,

because his sentence for the aggravated theft conviction had been discharged. Because petitioner was not in custody on the 2003 aggravated theft conviction when he filed this federal habeas petition, the Court is without jurisdiction to consider his claims. Accordingly, the Court will dismiss this habeas action.

## Certificate of Appealability

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For the reasons set forth in the Opinion on Dismissal, the Court has determined that petitioner has not shown that reasonable jurists would find the Court's ruling debatable, and so a certificate of appealability from this decision will be denied.

## Conclusion

Accordingly, the Court ORDERS the following:

1.      Petitioner's habeas petition (Docket Entry No.1) is DISMISSED for want of jurisdiction.

2.      A certificate of appealability is DENIED.

3.      Petitioner's application to proceed *in forma pauperis* (Docket Entry No.2) is GRANTED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas on this 5th day of October, 2005.


_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE